# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY PERKINS,<br><br>                      Plaintiff,<br>vs.<br><br>US NAVY/COMMANDER NAVY REGION SOUTHWEST/COMMANDER NAVAL INSTALLATION COMMAND,<br><br>                      Defendants. | CASE NO. 12-CV-0957-H (NLS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE** |

On March 15, 2012, Cory Perkins ("Plaintiff") filed a complaint in the Superior Court of California, County of San Diego, against US Navy/Commander Navy Region Southwest/Commander Naval Installation Command (collectively "Defendants"). (Doc. No. 1-2 at 3.) On April 18, 2012, Defendants removed the action to federal court. (Doc. No. 1.) On June 15, 2012, Defendants filed a motion to dismiss. (Doc. No. 13.) Plaintiff never filed an opposition. The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument, submits the motion on the papers, and vacates the hearing. Based on the following, the Court grants Defendants' motion to dismiss without prejudice.

## **Background**

Plaintiff alleges that on October 22, 2001, Plaintiff began employment as a police officer with the United States Navy. (Doc. No. 1-2 at 4.) Plaintiff alleges that he "reported

1  for duty on Jan 19, 2012, for regular tour of duty." (Id. at 5.) Upon arrival, Plaintiff alleges
2  that Lt. Zamora told Plaintiff "he had to take the Urinalysis." (Id.) Plaintiff alleges that he
3  stated he could "not take the test due to religious reasons." (Id.) Plaintiff alleges that he was
4  then put on administrative leave and sent home with pay. (Id.) Plaintiff alleges that beginning
5  on February 14, 2012, Plaintiff participated in an administrative leave agreement and was
6  ordered to call into work daily. (Doc. No. 6 at 24.) Plaintiff alleges that on April 17, 2012,
7  Defendants terminated Plaintiff from the United States Navy. (Doc. No. 6 at 25.)

On March 15, 2012, Plaintiff filed a complaint in the Superior Court of California, County of San Diego, against Defendants. (Doc. No. 1-2 at 3.) On April 18, 2012, Defendants removed the action to federal court. (Doc. No. 1.) On May 2, 2012, Plaintiff, proceeding pro se, filed a motion to remand this case to state court, a motion to reinstate pay and benefits, and a motion to compel discovery. (Doc. No. 6.) On May 17, 2012, Plaintiff filed a motion for summary judgment. (Doc. No. 9.) On June 15, 2012, the Court denied Plaintiff's motion to remand, motion for summary judgment, motion to reinstate pay and benefits, and motion to compel discovery. (Doc. No. 14.) On June 15, 2012, Defendants filed a motion to dismiss Plaintiff's complaint. (Doc. No. 13.)

**Legal Standard**

Federal courts are courts of limited jurisdiction, and the Article III case or controversy clause limits courts' subject matter jurisdiction. Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115 (9th Cir. 2010). There is no presumption of jurisdiction in district courts. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Federal Rule of Civil Procedure 12(b)(1) authorizes a party to seek dismissal of an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction can never be waived. Fed. R. Civ. P. 12(h)(3). Any party or the court sua sponte may raise a lack of subject matter jurisdiction before or after trial, or even for the first time on appeal. Id.; see also Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir.1996).

A plaintiff's complaint must include "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new

jurisdictional support." Fed. R. Civ. P. 8(a)(1). "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Audette v. Int'l Longshoremen's and Warehousemen's Union, 195 F.3d 1107, 111 (9th Cir. 1999) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).

## Discussion

Plaintiff's claims against the federal government arise out of Title VII and various California Penal Code sections. (Doc. No. 1-2, ¶ 39.) As sovereign, the United States is immune from suit unless it consents to be sued. McGuire v. United States, 550 F.3d 903, 913 (9th Cir. 2008). Congress in Title VII has waived the federal government's sovereign immunity for suits alleging discrimination by federal employees on the basis of religion and various other personal characteristics. 42 U.S.C. § 2000e-16. Plaintiff has not pled, however, that he satisfied the jurisdictional requirements for filing a Title VII action. Substantial compliance with Title VII's administrative exhaustion requirements is a jurisdictional prerequisite. Sommatino v. United States, 255 F.3d 704, 709 (9th Cir. 2001). A federal employee alleging discrimination against the federal government under Title VII must first exhaust administrative remedies under 29 C.F.R. § 1614. 42 U.S.C. § 2000e-16(c); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 104-05, 108-14 (2002); Sommatino, 255 F.3d at 708-09. Under the Title VII statutory and regulatory scheme, a federal employee must notify an Equal Employment Opportunity counselor within 45 days of the alleged conduct, and then, if the matter is not resolved, the employee may submit a formal administrative complaint. 29 C.F.R. § 1614.105; 29 C.F.R. § 1614.106. Plaintiff fails to allege that he substantially complied with Title VII's administrative exhaustion requirements. Plaintiff alleges that on January 19, 2012, Plaintiff was placed on administrative leave with pay. (Doc. No. 1-2 at 5.) Plaintiff alleges that beginning on February 14, 2012, Plaintiff participated in an administrative leave agreement and was ordered to call into work daily. (Doc. No. 6 at 24.) Plaintiff alleges that on April 17, 2012, Defendants terminated Plaintiff from the United States Navy. (Doc.

1  No. 6 at 25.) Plaintiff does not allege whether he pursued administrative remedies following
2  termination and before initiating this lawsuit. Because substantial compliance is a
3  jurisdictional prerequisite, the Court concludes that Plaintiff's complaint fails to allege
4  jurisdiction. Fed. R. Civ. P. 8(a)(1); Sommatino, 255 F.3d at 709. Accordingly, the Court
5  grants Defendants' motion to dismiss Plaintiff's Title VII causes of action.

6  Moreover, the Court grants Defendants' motion to dismiss Plaintiff's California Penal
7  Code causes of action. As sovereign, the United States is immune from suit unless it consents
8  to be sued. McGuire, 550 F.3d at 913. "[A]bsent a waiver of sovereign immunity, the United
9  States is not subject to liability under state statutes which are penal in nature." Blackburn v.
10 United States, 100 F.3d 1426, 1435 (9th Cir. 1996). Unless Plaintiff can identify a waiver of
11 sovereign immunity, the Court lacks jurisdiction to hear the action or any claim therein.
12 Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982). Moreover, "[a] waiver of
13 sovereign immunity cannot be implied but must be unequivocally expressed." Holloman v.
14 Watt, 708 F.2d 1399, 1401 (9th Cir. 1983) (quoting United States v. Mitchell, 455 U.S. 535,
15 538 (1980)) (internal quotation marks omitted). The Court concludes that Plaintiff fails to
16 allege a waiver of immunity as to Plaintiff's California Penal Code causes of action.
17 Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's California Penal Code
18 causes of action.

### Conclusion

20 Based on the foregoing, the Court grants Defendants' motion to dismiss Plaintiff's
21 complaint without prejudice. Plaintiff must exhaust his administrative remedies, if he can do
22 so, prior to filing a lawsuit.

23 **IT IS SO ORDERED.**

24 DATED: July 19, 2012

26 MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT